**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:18-CV-00165-GNS-HBB**

**BERYL MCCLURE**                                                                                                    **PLAINTIFF**

**VS.**

**NANCY A. BERRYHILL, Acting**
**Commissioner of Social Security**                                                                **DEFENDANT**

**FINDINGS OF FACT, CONCLUSIONS OF LAW**
**AND RECOMMENDATION**

BACKGROUND

Before the Court is the complaint (DN 1) of Plaintiff, Beryl McClure, seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  McClure has filed a Motion for Summary Judgment (DN 19) and the Commissioner has filed a Fact and Law Summary (DN 23).  For the reasons that follow, the undersigned recommends the case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

Pursuant to General Order No. 2014-17, this matter has been referred to the undersigned United States Magistrate Judge to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of Law and Recommendations.  By Order entered June 25, 2019 (DN 10), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.  No such request was filed.

## FINDINGS OF FACT

McClure filed an application for Disability Insurance Benefits and Supplemental Security Income on June 18, 2015 (Tr. 218-225). McClure alleged that she became disabled on August 30, 2014 as a result of migraines; back pain, bulging disc; neck pain; depression; hypothyroidism; perforated colon; pelvic pain after pelvic mesh (Tr. 274). Administrative Law Judge Robert B. Bowling ("ALJ") conducted a hearing via video conference on March 23, 2016. McClure appeared in Campbellsville, Kentucky and the ALJ presided in Lexington (Tr. 21). McClure represented by Tim Despotes. Also present and testifying was Kathy Smith, an impartial vocational expert.

In a decision dated March 22, 2018, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 21-28). At the first step, the ALJ found McClure has not engaged in substantial gainful activity since August 30, 2014, the alleged onset date (Tr. 23). At the second step, the ALJ determined that McClure's disorders of the spine, minor motor seizures, and osteoarthritis are "severe" impairments within the meaning of the regulations (Tr. 24). Notably, at the second step, the ALJ also determined that McClure's thyroid disease and affective disorder are "non-severe" impairments within the meaning of the regulations (Tr. 24). At the third step, the ALJ concluded that McClure does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 25).

At the fourth step, the ALJ found McClure has the residual functional capacity to perform less than a full range of light work (Tr. 25). More specifically, the ALJ found that McClure cannot climb ladders, ropes, or scaffolds; can only frequently climb ramps and stairs; can only occasionally stoop, kneel, crouch, and crawl; should avoid concentrated exposure to extreme cold,

excessive noise, vibration, and environmental irritants such as fumes, odors, dusts, gases, poorly ventilated areas and chemicals; and should avoid concentrated exposure to hazards such as the use of moving machinery and unprotected heights (Tr. 25). Relying on testimony from the vocational expert, the ALJ found that McClure is able to perform past relevant work (Tr. 26).

Therefore, the ALJ concluded that McClure has not been under a "disability," as defined in the Social Security Act, from August 30, 2014 through the date of the decision (Tr. 27).

McClure timely filed a request for the Appeals Council to review the ALJ's decision. The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-6).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied McClure's request for review of the ALJ's decision (Tr.1-6). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

    1)     Is the claimant engaged in substantial gainful activity?

    2)    Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

    3)    Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

    4)    Does the claimant have the residual functional capacity to return to his or her past relevant work?

    5)    Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fourth step.

McClure brings only one argument before this Court. She argues the ALJ erred by not considering her migraine headaches when assessing her claims for Disability Insurance Benefits and Supplemental Security Income. McClure alleged her migraine headaches are a severe impairment in her application and provided some evidence to support her contention. Nevertheless, the ALJ failed to mention them as a severe impairment at step two in the sequential evaluation process, but more importantly he failed to consider them when determining McClure's RFC at the fourth step. The Commissioner admits that the ALJ failed to mention McClure's migraine headaches, but contends the error is harmless and therefore does not warrant remand.

McClure's application for benefits included both subjective and objective evidence concerning her migraines. McClure states the migraines occurred 4-6 times a week and treated them with medication (Tr. 266). She claimed some days they were so debilitating she could not get out of bed (Tr. 281). They sometimes caused nausea (Id.). McClure claimed that her ability

5

to complete routine daily tasks diminished when suffering from migraines (Tr. 331). McClure also presented third party testimony from her daughter which explained that when suffering from migraines McClure experienced vision changes and sensitivity to light and needed to lie in a dark silent room for relief (Tr. 273).

McClure also presented objective medical evidence from appointments with Dr. Unick, a pain management physician at Interventional Pain Specialists (Tr. 360). McClure complained to Dr. Unick about frequent migraines beginning after a motor vehicle accident that occurred over twenty-five years ago. Dr. Unick's examination revealed "multiple trigger points." He prescribed Gabapentin, Coenzyme 10, hydrocodone, and Ambien for "maintenance therapy" and pain (Tr. 362-3659). Dr. Unick performed trigger point injections at least 19 times for migraine and pain treatment. (Tr. 338, 347, 353, 357, 431, 435, 442, 460, 463, 473, 479, 482, 489, 639, 645, 653, 662, 670, 677). McClure also presented treatment notes from Dr. Guiler at the Women's Center. Dr. Guiler also noted a history of migraine headaches during his treatment of McClure (Tr. 371-402).

Drs. Unick and Guiler are treating source physicians. They maintained a treatment relationship with McClure for an extended period of time and treated her for pain related ailments, including migraine headaches. The regulations require Administrative Law Judges to evaluate every medical opinion in the record. 20 C.F.R. §§ 404.1527(c); 416,927(c).[1] The process of assigning weight to medical opinions in the record begins with a determination whether to assign

---

[1] Effective March 26, 2012, the numbering of the treating physician rules changed. Section 416.927(d)(2) became 416.927(c)(2), and section 404.1527(d)(2) became 404.1527(c)(2).

controlling weight to the medical opinion of the treating source. 20 C.F.R. §§ 404.1527(c); 416,927(c).

The treating physician rule mandates that the ALJ give a treating physician's medical opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." Id. at 376. If the treating physician's opinion is not adopted as controlling the opinion is weighed by considering the length, frequency, nature, and extent of the treatment relationship, the treating source's area of specialty, its consistency with the rest of the record, and the extent it is supported by relevant evidence. 20 C.F.R. § 404.1527(c)(2)-(6). "Good reasons" must be provided for discounting a treating source opinion. Id. § 404.1527(c)(2). The reasons must be supported by the record and sufficiently specific to make clear to reviewers the weight given to a treating source's opinion and the reasons for the assigned weight. Gayheart, 710, F.3d at 376. (citing Soc. Sec. Rul. No. 96-2p, 1996 WL 374188, at 5 (Soc. Sec. Admin. July 2, 1996)).

The procedural requirements to assign weight to the opinion of a treating source and provide "good reasons" for that weight serves both to ensure adequacy of review and to give the claimant a better understanding of the disposition of his case. Cole v. Astrue, 661 F.3d 931, 939 (6th Cir. 2011) (citing Rogers v. Comm'r, 486 F.3d 234, 242 (6th Cir. 2007)). "These procedural requirements are 'not simply a formality' and are intended 'to safeguard the claimant's procedural rights.'" Cole, 661 F.3d at 937. The Sixth Circuit has indicated it will not hesitate to remand when it encounters decisions from Administrative Law Judges that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion. Id. at 939 (citations omitted).

7

A violation of these procedural requirements can be deemed "harmless error" if 1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; 2) the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or 3) where the Commissioner has met the goal of § 1527(d)(2)… even though she has not complied with the terms of the regulation.  Cole, 661 F.3d at 940 (citations omitted).  However, an Administrative Law Judge's complete failure to mention a treating physician plainly violates the terms of 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2).  Bowen v. Comm'r of Soc. Sec., 478 F.3d 742, 747 (6th Cir. 2007).

That is almost what happened here.  The ALJ only briefly mentions Dr. Unick's treatment notes.  However, he does not mention them in the context of McClure's migraine headaches, which were presented both in her own subjective testimony and in Dr. Unick's notes.  He does not mention Dr. Guiler at all (Tr. 25-26).  Without more, this Court or McClure cannot "meaningfully review" the ALJ's decision.  Shields v. Commissioner od Social Security, 732 Fed Appx. 430, 440 (6th Cir. 2018).  The ALJ's complete lack of consideration of McClure's migraine headaches cannot be deemed a harmless error.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends the final decision of the Commissioner be reversed and the case be remanded to the Commissioner with instructions to conduct additional proceedings to remedy the Commissioner's failure to consider whether McClure's migraine headaches are a severe impairment and what limitations they impose on McClure's residual functional capacity.

February 4, 2020

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

## NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, 474 U.S. 140 (1984).

February 4, 2020

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:     Counsel